IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-03244-MSK

THE HAL MARSHALL SEARS REVOCABLE TRUST DATED JUNE 18, 1993,
THE HAL SEARS MONEY PURCHASE PENSION PLAN, and
RAMBLAS FINANCIAL, LLC

        Plaintiffs,

v.

THE GOODYEAR TIRE AND RUBBER COMPANY,

        Defendant.

_____

## ORDER REMANDING ACTION
_____

**THIS MATTER** comes before the Court *sua sponte*.

This matter was originally commenced by the Plaintiffs in the Colorado District Court for

Denver County.  The claims asserted sound in breach of contract.  The Defendant removed **(# 1)**

the action to this Court, alleging that federal subject matter jurisdiction arises by virtue of

diversity of citizenship under 28 U.S.C. § 1332.  As the party invoking federal jurisdiction, the

Defendant bears the burden of demonstrating the existence of facts giving rise to such

jurisdiction.  *Butler v. Kepmthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008).

Two of the Plaintiffs in this action are denominated as trusts.  The means by which the

citizenship of a trust is determined for purposes of jurisdiction under 28 U.S.C. § 1332 is

somewhat unclear.  In *San Juan Basin Royalty Trust v. Burlington*, 588 F.Supp.2d 1274, 1276-80

(D.N.M. 2008), the court examined precedent standing for the proposition that, where a suit is

brought by trustees in their own names, the trust is deemed to be a citizen of every state in which

a trustee is a citizen; on the other hand, when the trust brings suit it its own name, the trust is deemed to be a citizen of every state in which a beneficiary is a citizen.  Here, neither the Complaint nor the Notice of Removal make any mention of the citizenship of either the trustee(s) or beneficiaries of the Plaintiff trusts.  Rather, the Notice of Removal states only that each trust is "a California trust."  Thus, the Defendant has failed to adequately establish the citizenship of the two Plaintiff trusts.

Similarly, Plaintiff Ramblas Financial LLC is identified as a "Wyoming limited liability company."  For purposes of determining citizenship under 28 U.S.C. § 1332, a limited liability company is deemed to be a citizen of every state in which one of its members is a citizen. *Shannon's Rainbow, LLC v. Supernova Media, Inc.*, 683 F.Supp.2d 1261, 1266 (D.Ut. 2010). The Complaint states that Ramblas Financial has a single member, namely, Plaintiff Hal Marshall Sears Revocable Trust.  As noted above, the pleadings in this case fail to adequately identify the citizenship of that trust, and thus, the Defendant has also failed to adequately demonstrated the citizenship of Ramblas Financial.

Finally, the Court notes that the Notice of Removal also fails to adequately allege that the amount in controversy exceeds the $ 75,000 threshold in 28 U.S.C. § 1332.  The Defendant's sole allegation that the amount in controversy requirement is satisfied derives from the fact that the Civil Cover Sheet filed by the Plaintiffs states that the Plaintiffs are seeking a judgment in excess of $ 100,000.  It is well-established in this District that representations made on Civil Cover Sheets in state court are insufficient, of themselves, to demonstrate the amount in controversy for purposes of 28 U.S.C. § 1332.  *Jones v. Camelot Acquisition, LLC*, 2009 WL 1187263 (D.Colo. Apr. 30, 2009) (slip op.); *Holiday v. Kone, Inc.*, 606 F.Supp.2d 1296, 1297-98 (D. Colo. 2009);  *Baker v. Sears Holding Corp.*, 557 F.Supp.2d 1208, 1215 (D.Colo. 2007).

Because the Defendant offers nothing more than the Civil Cover Sheet to establish the requisite amount in controversy, the Court concludes that the Notice of Removal also fails to establish that component of diversity jurisdiction.

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this action.  The action is **REMANDED** to the Colorado District Court for Denver County pursuant to 28 U.S.C. § 1447(c).  The Clerk of the Court shall transmit the entire case file to the Clerk of the Colorado District Court for Denver County and shall thereafter close this case.

Dated this 14th day of December, 2011

**BY THE COURT:**

Marcia S. Krieger
United States District Judge